UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
BLUE CASTLE (CAYMAN) LTD,

                         Plaintiff,

    -against-

ALEX LAGOS-CHAVEZ, and
ANGEL MENDOZA,

                         Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
24-CV-7 (JMA) (ST)

FILED
CLERK
10:33 am, Dec 30, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      Before the Court is Plaintiff Blue Castle (Cayman) LTD's motion for default judgment and other relief pursuant to FED. R. CIV. P. 55(b)(2) against Defendants Alex Lagos-Chavez and Angel Mendoza. (See ECF No. 13.) Plaintiff alleges that Defendants defaulted on a mortgage encumbering the property at 92 Newham Avenue, Brentwood, NY 11717 (the "Property"), and seeks recovery of outstanding amounts owed under the mortgage note as well as foreclosure and sale pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Section 1301, et seq. (Id.) For the following reasons, Plaintiff's motion is GRANTED.

## I.    BACKGROUND

**A.    Facts**

      On March 1, 2010, Defendants Chavez and Mendoza executed a note in the amount of $303,350.00 (the "Note"). (Compl., ECF No. 1.) That same day, Defendants executed a mortgage on the Property to secure the Note (the "Mortgage") for which the mortgagee of record was nonparty Mortgage Electronic Systems Inc. as nominee for Plaintiff. (Compl., Ex. B.) On March 5, 2010, the Mortgage was recorded in the Suffolk County Clerk's Office. (Id.) On or about July 1, 2022, Defendants entered into a loan modification agreement with Plaintiff's predecessor in

interest, in which the new unpaid principal balance was modified to the amount of $369,976.37. (See id., Ex. D.)  On November 3, 2023, the Mortgage was assigned to Plaintiff.  (See id., Ex. E.)

Since October 1, 2022, Defendants have breached the Note and Mortgage (collectively, the "Agreements") by failing to make the required monthly payments.  (See ECF No. 13-2 at 2; see also Compl., Ex. D.)  On September 21, 2023, Defendants were sent a default notice via first class mail, which stated that the total amount in arears was $42,616.12 and Defendants must correct the default.  (Compl., Ex. F.)  The default notice further stated that the Defendants' failure to cure the default by October 21, 2023, would permit acceleration of the loan and foreclosure and sale of the Property.  (See id.)  Additionally, on September 21, 2023, Defendants were sent via first class and certified mail the 90-day notice required by New York's Real Property Actions and Proceedings Law ("RPAPL") Section 1304(1).  (See id.)  Consistent with RPAPL Section 1306, the Superintendent of the New York State Department of Financial Services was notified that the 90-day notice was sent to Defendants.  (See Compl., ¶ 15; see also ECF No. 13-4, Ex. F.)

**B.      Procedural History**

On January 2, 2024, Plaintiff filed the instant Complaint.  (ECF No. 1.)  On February 5, 2024, Defendant Lagos-Chavez was served with the Complaint, the special summonses required by RPAPL Section 1320, the notice required by RPAPL Section 1303, and the certificate of merit required by the New York Civil Practice Law and Rules ("CPLR") Section 3012-B.  (ECF No. 9.)  On April 1, 2024, Defendant Mendoza was served with the same. (ECF No. 10.)  Defendants did not answer or otherwise respond to the Complaint.

On April 24, 2024, The Clerk of the Court entered a certificate of default against Defendants. (ECF No. 12.)  On January 2, 2024, Plaintiff filed a notice of pendency in the Suffolk County Clerk's Office consistent with RPAPL Section 1331.  (See ECF No. 13-4 at 94.)

2

On May 16, 2024, Plaintiff filed the instant motion and served the same by mail upon Defendants. (See ECF No. 13.) Neither of the Defendants appeared in this action or opposed this motion.

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, after a default has been entered against the defendant, and provided the defendant failed to appear and move to set aside the default, the court may, on a plaintiff's motion, enter a default judgment. See FED. R. CIV. P. 55(b)(2).

Before imposing a default judgment, the district court must accept well-pled allegations as true and determine whether they establish the defendant's liability as a matter of law. See Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam). "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Id. at 189 (internal quotation marks and alterations omitted). Instead, the plaintiff must establish to a "reasonable certainty" entitlement to the relief requested. Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012) (internal quotation marks omitted).

## III.     DISCUSSION

### A.     Defendants Defaulted

As detailed above, each Defendant was properly served with a summons and the Complaint but failed to answer, file an appearance, or otherwise defend this action. See supra Part I. The

3

Clerk of the Court properly entered a certificate of default for Defendants on April 24, 2024. (ECF No. 12.)

**B.     Defendants' Liability**

Under New York law, "a plaintiff in an action to foreclose a mortgage [must] demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (quoting Campaign v. Barba, 805 N.Y.S.2d 86, 86 (2d Dep't 2005)). "Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has demonstrated its prima facie case of entitlement to judgment." Id. (citing Fleet Natl. Bank v. Olasov, 793 N.Y.S.2d 52, 52 (2d Dep't 2005)).

Here, Plaintiff submitted copies of: (1) the Note; (2)the Mortgage, in which Plaintiff's nominee was the mortgagee; and (3), the assignment of the Mortgage from Plaintiff's nominee to Plaintiff. (See Compl., Ex. A, Ex. B, Ex. C, Ex. E.) Those documents establish the existence—and Plaintiff's ownership—of the Mortgage and Note. See, e.g., Windward Bora LLC v. Thomas, No. 20-CV-6046, 2022 WL 5114489, at *3 (E.D.N.Y. Sept. 30, 2022) (finding Plaintiff established a prima facie entitlement to foreclose where "Plaintiff has proven that it is the owner of the Note and in physical possession of the Note.")

Plaintiff submitted evidence of Defendants' default in the form of an affidavit by John Ramer, loan specialist for Plaintiff, which states that Defendants defaulted on the loan agreement on October 1, 2022, and have not cured their default. (See ECF No. 13-6 at 2.) Additionally, Plaintiff submitted the notices that it was required to send to Defendants under the terms of the loan agreements, as well as proof that it complied with its obligations under the RPAPL and CPLR. See supra Part I.

This documentary evidence, together with the allegations in the Complaint, establish liability. Thus, Plaintiff has established its right to foreclose upon the Property.

**C.  Damages**

In addition to the foreclosure and sale of the Property, Plaintiff requests a total of $416,746.84 in compensatory damages from Defendants for unpaid principal, interest, escrow advances, and late fees. (See ECF No. 13-6 at 2 ¶¶ 5-8.) The Court may, without holding a hearing, rely on documentary evidence to determine damages. See Bricklayers, 779 F.3d at 189 (affirming default judgment's award of damages calculated without a hearing based on briefs, audits, and affidavits); Metro Found. Contractors, 699 F.3d at 234-35 (holding that default judgment damages may be based on "detailed affidavits and documentary evidence" and affirming default judgment damages so awarded). The Court finds that Plaintiff's submissions, including the affidavit from Mr. Ramer, establish its requested compensatory damages to a reasonable certainty. (See ECF No. 13-6 at 2 ¶¶ 5-8 (detailing the underlying calculations in support of amounts owed); ECF No. 13-6 at 5 (documenting Defendants' loan payments and unpaid principal.) Accordingly, Plaintiff is awarded the requested total of $416,746.84.

## IV.  CONCLUSION

For the reasons stated above, the Motion is GRANTED. Plaintiff appoints Kevin G. Snover, Esq., as Referee. In conjunction with the filing of this Order, the Court is entering a Judgment of Foreclosure and Sale.

**SO ORDERED.**
Dated:  December 30, 2024
            Central Islip, New York

                                                                        /s/ (JMA)
                                                            JOAN M. AZRACK
                                                            UNITED STATES DISTRICT JUDGE

5